

## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: Jane Hosford**

**EMPLOYER: Red Rover Preschool**

**INSURANCE CARRIER:  N/A**

**DOCKET #: 2014-05-002**
**STATE FILE #: 61799/2014**
**DATE OF INJURY: July 7, 2014**

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Jane Hosford (Employee) and Red Rover Preschool (Employer).

On August 29, 2014, a Request for Expedited Hearing was filed with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, by Employee pursuant to Tennessee Code Annotated section 50-6-239 to determine if the provision of medical benefits is appropriate. Employee did not request an evidentiary hearing. On September 4, 2014, a Request for Expedited Hearing was filed with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, on behalf of Employer pursuant to Tennessee Code Annotated section 50-6-239 to determine if the provision of medical benefits is appropriate. The Employer requested a hearing.

The Court conducted a telephonic hearing on September 10, 2014. Considering the positions of the parties, the applicable law and all of the evidence submitted, the Court hereby finds that Employee is entitled to past medical expenses and medical benefits.

### ANALYSIS

#### Issues

1. *Whether Employer or the previous owner of the business is the proper party to this case.*

2. *Whether Employee gave timely notice of her injury.*

3. *Whether Employee sustained an injury that arose primarily out of and in the course and scope of employment with Employer.*

4. *Whether Employer is obligated to provide medical benefits, to include the provision of a panel, reimbursement for past medical expenses, and additional medical care as recommended by a physician.*

## Evidence Submitted

Both parties have filed affidavits and other evidence in support of their Requests for Expedited Hearing. The Court has received and considered the following evidence:

Exhibit No./Evidence

1. Medical records, Dr. Howard Rupard, M.D. , July 7 - August 18, 2014, and an Imaging Report from Dr. Jim Grippo, M.D., August 2, 2014
2. Affidavit of Glenda Daniel, August 28, 2014
3. Affidavit of Carla Ralston, August 21, 2014
4. Affidavit of Sandra Taylor, August 27, 2014
5. Affidavit of Melinda Williams, August 20, 2014
6. Employee's handwritten notice of injury, August 5, 2014
7. Dispute Certification Notice, August 20, 2014
8. Petition for Benefit Determination, August 13, 2014
9. Copies of text messages between the Employee and Employer, August 4, 2014
10. Copies of text messages between the Employee and Employer, August 5, 2014
11. Sales Agreement, July 3, 2014
12. New Employee Orientation form, June 11, 2014.

## History of Claim

Employee works as a lead teacher for Employer (Ex. 8). She testified that, while at work at approximately 11:30 A.M. on July 7, 2014, she slipped while removing cots from a storage area and twisted her right knee before falling to the floor.

Per Employee's medical records and her testimony, she sought treatment on July 7, 2014, from certified physician assistant Byron James Bloom, under the direction of Dr. Howard Rupard, M.D. The records indicate she complained of "right knee pain" and that "her knee is weak and that this suddenly happened two weeks ago." In his assessment, Bloom diagnosed knee pain and a strain of the hamstring tendon. Employee's final visit with Bloom occurred on August 18, 2014. He diagnosed knee pain and a tear of the meniscus of the knee. He wrote that Employee was having her case reviewed under workers' compensation, and, "Due to this, we are not able to refer her on to an ortho for arthroscopic repair." (See Ex. 1 generally) Employee testified that she would like to see a specialist, has health insurance but cannot use it due to the injury falling under workers' compensation, and, "I just really want to get my leg fixed."

With regard to Employer's notice of the claim, Employee testified that the fall occurred in the presence of a co-worker, Glenda Daniel. According to her testimony and Ms. Daniel's affidavit (Ex.

2), Ms. Daniel helped Employee get up, and afterward Ms. Daniel told Employer and another employee that Employee had fallen. Employee testified that she did not tell her doctor initially that the accident was work-related and that she "probably should have" done so. Employee further testified that she told Employer twice that she had fallen at work, sometime during the weeks of July 15 and 21, 2014. She testified that a third conversation took place at some point during the week of July 28, at which time she and Employer discussed whether Employer or the previous owner would be responsible for the claim.

Employer gave a conflicting version of the chain of events in her testimony. She testified that she did not observe Employee's alleged fall. She testified that she did not recall Ms. Daniel informing her about it, in accordance with the affidavit of Melinda Williams (Ex. 5), nor did she recall Employee mentioning the fall during the weeks of July 15 or 21, 2014. Rather, Employer testified that she first became aware of Employee's claim from a text message from Employee dated August 4, 2014 (Ex. 9). She further testified that the conversation about Employer's responsibility for the claim versus the previous owner's did take place, but not during the last week of July. Employer testified that Employee indicated her claim was work-related in a text dated August 5, 2014 (Ex. 10), and in response Employer asked her to convey the details of the accident in writing. Employee did so in a handwritten note dated August 5, 2014. (Ex. 6)

Employer additionally testified regarding the details of her taking ownership of the business. The transaction is memorialized in a Sales Agreement dated July 3, 2014 (Ex. 11), which states in paragraph 6 that the transfer took place on July 3. That same document states in paragraph 14 that the buyer would be responsible for "claims of any kind incurred after the date of transfer identified in paragraph 6 including but not limited to payroll, supplies, utilities and all taxes and claims of any kind related to operations under Buyer's ownership after that date."

## Employee's Contentions

Employee contends that she sustained an injury that arose primarily out of and in the course and scope of employment with Employer when she fell at work on July 7, 2014. Employee further stated in argument that she never told her physician at the first doctor visit relative to this matter that the accident took place two weeks ago. She argued that perhaps that notation was a typographical error, and that she does not know why the record was written as it was. Employee contends that Employer should provide a panel of physicians, and should pay for all past and future care relative to the injury. Employee is not seeking temporary disability benefits at this time.

## Employer's Contentions

Employer does not dispute the existence of the injury itself. Rather, Employer challenges whether Employee actually fell at work on July 7, 2014, contending that the medical records substantiate that a fall occurred two weeks prior to that date. Employer additionally asserts that there is no indication within the medical records that Employee informed her physician that the accident took place at work. Therefore, according to Employer, the injury is not compensable as arising primarily out of and in the course and scope of employment with Employer. As such, Employer is not liable for past or future workers' compensation benefits. In addition, Employer questions whether

it or the previous owner of the business is the proper party, as well as the timeliness of Employee's notice of the injury.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003) and Tenn. Code Ann. sec. 50-6-238 (2012). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. An injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence. *See* Tenn. Code Ann. § 50-6-102(13)(A). An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes. *See* Tenn. Code Ann. § 50-6-102(13)(B).

### *Factual Findings*

Considering all admissible evidence and in particular the parties' testimony, the Court finds that Employee has provided credible testimony. On July 7, 2014, Employee fell at work, sustaining an injury to her right knee. Employee obtained medical treatment for the injury on July 7 and 30, 2014, and August 18, 2014. Employee informed Employer about the fall, the resulting injury, and her intention to seek coverage of the claim under the Workers' Compensation Act no later than August 4, 2014. Employee has continued to work since sustaining the injury.

### *Application of Law to Facts*

1. *Employer is the proper party to this case.*

It appears from Employer's line of questioning regarding the timing of Employer taking ownership of the business that Employer disputes whether it or the previous owner is the proper party to this case.

The Court observes that the July 3, 2014 Sales Agreement (paragraph 14) clearly states that Employer intended to assume all benefits and responsibilities of ownership as of July 4, 2014.The contract provides that Employer would be responsible for all "accounts, expenses, payables, and claims of any kind incurred after the date of transfer (July 3, 2014) identified in paragraph 6 including but not limited to payroll, supplies, utilities and all taxes and **claims of any kind related to operations** under Buyer's ownership after that date." If the language in a contract is plain and unambiguous, courts then determine the parties' intention from the four corners of the contract, interpreting and enforcing the contract as written. *Wellmont Health Sys. v. Qualls*, 2010 Tenn. App. LEXIS 534, 6 (Tenn. Ct. App. Aug. 20, 2010).

2. *Employee gave timely notice of her injury.*

Employer initially appeared to be questioning whether Employee gave timely notice of the injury. In light of the Court's finding, *infra*, that Employee sustained an injury at work on July 7, 2014, by Employer's own admission she learned of the injury no later than August 4, 2014, within the statutory 30-day timeframe. *See* Tenn. Code. Ann. §50-6-201.

3. *Employee sustained an injury that arose primarily out of and in the course and scope of employment with Employer.*

The Tennessee Supreme Court has held that if it is apparent to the rational mind, after considering all of the circumstances that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury, then such accidental injury "arises out of one's employment." *Crew v. First Source Furniture Group,* 259 S.W.3d 656, 664 (Tenn. 2007). While causation must be proven through medical evidence, "absolute certainty . . . is not required." *Id.,* citing *Fitzgerald v. BTR Sealing Sys.,* 205 S.W.3d 400, 404 (Tenn. 2006).

Trial courts must assess witness credibility when weighing the evidence prior to making factual findings. Live testimony is the preference. *See generally Kelly v. Kelly,* --- S.W.3d ---, No. E2012-02219-SC-R11-CV (Tenn., Sept. 10, 2014); *see also Kenney v. Shiroki N. Am, Inc.,* 2011 Tenn. LEXIS 182, 9 (Tenn. Workers' Comp. Panel Feb. 28, 2011) ("When credibility and weight to be given to testimony are involved, considerable deference is given the trial court when the trial judge had the opportunity to observe the witness' demeanor and to hear in-court testimony.") However, the Tennessee Supreme Court held in *Kelly* that telephone testimony is more akin to live testimony than to documentary evidence, and appellate courts should afford trial courts considerable deference when reviewing issues that hinge on the witnesses' credibility. *Id., *30.* The high court gave indications of credibility that can be gleaned via telephonic testimony when it adopted language in the appellant's brief as follows:

> Only the Trial Court heard the tone and inflection of [the counselor's] voice. The Trial Court was in the best position to determine whether [the counselor] sounded calm or agitated, at ease or nervous, self-assured or hesitant, steady or stammering, confident or defensive, forthcoming or deceitful, reasonable or argumentative, honest or biased. [The counselor] was a virtual live witness – linked by wire in open court – responding in her own voice in real time to questions on direct and on cross examination. [She] was not a cold transcript for the Court of Appeals to assess anew.

*Id.*

In this case, there is no dispute regarding whether Employee was injured. Rather, the debate centers on whether Employee sustained the injury at work on July 7, 2014, or at some time previous to then.

Employee gave adequate detail of the incident and its time and place: She testified that, while at work at approximately 11:30 A.M. on July 7, 2014, she slipped while removing cots from a storage area and twisted her right knee before falling to the floor. A causal connection exists between the conditions under which Employee works and the resulting injury. Moving the cots is clearly part of Employee's regular work duties. She injured her knee while performing her work duties. Therefore her injury arose primarily out of her employment

From reviewing the medical records, Employer correctly asserts that they do not mention a fall at work and that the injury occurred two weeks prior. However, Employee's assertion that the physician assistant might have written that the two-week comment in error is plausible. Medical records are considered along with lay testimony. Employee testified that the fall took place in the presence of a co-worker, Ms. Daniel, whose sworn affidavit supports her testimony. Employer testified that she "didn't recall" Ms. Daniel telling her about the fall, nor did she have any recollection of Employee informing her about the fall in July. Employer never affirmatively testified that those events did not happen.

Employee gave the Court no reason to doubt her credibility. The Court considered all the suggested characteristics for telephonic testimony outlined in *Kelly*. Notably, Employee's tone and inflection were calm, at ease, self-assured, steady, confident and reasonable. She answered all questions without hesitation. In addition, she was forthcoming – for example, she admitted in testimony that she should have told her physician that the fall took place at work. In sum, the evidence preponderates in favor of concluding that Employee sustained an injury on July 7, 2014, that arose primarily out of and in the course and scope of employment with Employer.

*4. Employer is obligated to provide medical benefits.*

Tennessee Code Annotated section 50-6-204(a)(1)(A) provides that employers must provide to injured Employees such medical care and treatment "made reasonably necessary by accident as defined in this chapter."

Employer has not complied with this provision, as it has yet to offer Employee a panel of physicians. Employer has denied the claim and not provided any medical benefits because it asserts Employee injured herself two weeks prior to the date of injury. This Court has rejected that contention. Rather, the Court has found that Employee sustained a compensable work-related injury on July 7, 2014 when she fell and twisted her knee at work. Thus, it is appropriate for this Court to order that Employer provide Employee a panel of physicians for evaluation and treatment. Employer shall also pay for the medical expenses incurred for past treatments and all future reasonable and necessary medical expenses related to Employee's right-knee injury.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Medical care for Employee's injuries shall be paid and Employer or its workers' compensation carrier shall provide Employee with medical treatment for these injuries as required by Tennessee Code Annotated section 50-6-204, to be initiated by Employer or its workers' compensation carrier providing Employee with a panel of physicians as required by that statute. Medical bills shall be furnished to Employer or its workers' compensation carrier by Employee or medical providers. . Employer shall also pay for the medical expenses incurred for past treatments and all future reasonable and necessary medical expenses related to Employee's right-knee injury.

2.  Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Request for Appeal, you must:

    Complete the enclosed form entitled: "Request for Appeal".
    File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.
    Serve a copy of the Request for Appeal upon the opposing party.

3.  **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

ENTERED this the 17th day of September 2014.

**Kenneth M. Switzer, Chief Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the _____ day of September, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Jane Hosford, Employee | x | | | | | |
| Red Rover Preschool, Employer | | | | | x | bettystacy1980@yahoo.com |
| Tamra Smith, Employer's attorney | | | | | x | Office@joemlambertlaw.com |

Kenneth M. Switzer, Chief Judge
Court of Workers' Compensation Claims

**Received Date Stamp Here**



# REQUEST FOR APPEAL

Tennessee Division of Workers' Compensation
www.state.tn.us/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

StateFile #/YR:_____ /_____

RFA #: _____

Date of Injury: _____

SSN: _____

**Style**

_____

**v.**

_____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at <u>Select Office Location</u>

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

## Additional Information

**Type of Case** [Check the most appropriate item]

- Temporary disability benefits
- Medical benefits for current injury
- Medical benefits under prior order issued by the Court
- Permanent Disability Benefits (Employee is at maximum medical Improvement)

**Compensation Judge** <u>Select Here</u>_____

## List of Parties

**Appellant (Requesting Party):**_____At Compensation Hearing: ☐Plaintiff ☐Defendant

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's Address:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

## Appellee(s)

**Appellee (Opposing Party):** _____ At Compensation Hearing: ☐ Plaintiff ☐ Defendant

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's Address: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Request for Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the ____ day of _____, 20____.


[Signature of appellant or attorney for appellant]    _____